Opinion
COLE, P. J.
The appeal is from an order of the trial court which vacated a previous order sealing the official records in a criminal prosecution pursuant to Penal Code section 1203.45. We reverse.
Facts
On December 15, 1969, appellant, who was a minor at that time, was found guilty in the Santa Monica Municipal Court of the misdemeanor offense of violating Penal Code section 647, subdivision (f) (under the influence of liquor in a public place). Proceedings were suspended and appellant was placed on one year summary probation.
On September 30, 1970, in case No. CR 23376 appellant pleaded guilty in Santa Cruz County to maintaining a campfire on brush-covered land without permission from the owner in violation of Public Resources Code section 4433.
On November 10, 1971, the Santa Cruz Municipal Court dismissed that conviction pursuant to Penal Code section 1203.4 and sealed the records pursuant to Penal Code section 1203.45.
On December 7, 1971, the Municipal Court of Santa Monica dismissed appellant’s conviction in case No. M 45391 for violation of Penal Code section 647, subdivision (f), pursuant to Penal Code section 1203.4 and further ordered that the record be sealed pursuant to Penal Code section 1203.45. At that time the Santa Monica Municipal Court was aware of the prior sealing in Santa Cruz.
*Supp. 23 Following a letter from the Bureau of Identification on November 29, 1971, which alleged that appellant was not eligible for sealing under Penal Code section 1203.45 in Santa Cruz, the court in Santa Cruz ordered appellant’s record in case No. CR 23376 unsealed on December 13, 1971.
On June 29, 1976, for reasons not otherwise disclosed, the People acting through the Attorney General moved the Santa Monica court to vacate its order of December 7, 1971. The basis for the motion was that appellant was ineligible for relief under Penal Code section 1203.45 because he had been convicted of the Santa Cruz offense. The court eventually granted the motion and this appeal followed.
Discussion
I
The Order of December 7, 1971, Was Not Subject to Collateral Attack
Appellant first argues, and we agree, that while the People could have appealed from the order of December 7, 1971, or made some other sort of direct attack upon it, it is now too late for them to assert a collateral attack such as the motion which produced the order at issue here. “A motion to vacate or set aside the judgment, after the statutory time has elapsed for direct attack by motion, or on grounds or procedure not authorized by the statutes governing direct attack, is a collateral attack.” (5 Witkin, Cal. Procedure (2d ed. 1971) § 6, p.3588.) If a judgment or order, no matter how erroneous it is, is within the jurisdiction of the court it can only be reviewed and corrected by direct attack, id., at pages 3584-3585.
The People could have appealed from the 1971 order of the Santa Monica court at the time it was made. They did not do so. Unless the judgment is void on its face it may not be collaterally attacked. (Armstrong v. Armstrong (1976) 15 Cal.3d 942, 950-951 [126 Cal.Rptr. 805, 544 P.2d 941].)
The substantive argument underlying this appeal is that the trial court erred in its 1971 order because relief under Penal Code section 1203.45 is not available “to a person convicted of more than one offense” (except in certain situations not necessary to discuss at this moment). We discuss the merits of this argument in point two infra. For present *Supp. 24 purposes it seems clear to us that, even assuming the trial court misinterpreted section 1203.45, the 1971 order, at best for the People, was erroneous. The trial court had jurisdiction to determine whether appellant was eligible for the relief he sought in 1971. “ ‘ “Jurisdiction over the subject, being the power to hear and determine, implies power to decide a question wrong as well as right.” ’ ” (Hollywood Circle Inc. v. Dept, of Alcoholic Beverage Control (1961) 55 Cal.2d 728, 731 [13 Cal.Rptr. 104, 361 P.2d 712] citing Signal Oil etc. Co. v. Ashland Oil etc. Co. (1958) 49 Cal.2d 764, 778 [322 P.2d 1].) The point was well emphasized in Redlands etc. School District v. Superior Court (1942) 20 Cal.2d 348 [125 P.2d 490] where the petitioning school district unsuccessfully sought relief by way of petition for certiorari. The case was one where the trial court awarded a personal injury judgment to a plaintiff who had failed to file a claim with the school district as required by the (then) School Code. In denying relief and affirming the judgment of the superior court, the Supreme Court said among other things: “The requirements of section 2.801 of the School Code, however, cannot be brought within the doctrine of those cases involving statutes which restrict the power of the courts. Under the provisions of that section, liability on the part of the school district (that is, the waiver of sovereign immunity) is made dependent upon the filing of a claim within ninety days. That requirement, however, is one which goes to the elements of the plaintiff’s right to recover rather than to the power of the court. Judgment in favor of the plaintiff in the absence of such a claim is a grievous error of law and a violation of statute. But not every violation of a statute constitutes excess of jurisdiction on the part of a court. The doctrine relied upon by petitioners applies only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of the extraordinary writs of certiorari or prohibition. Where, as here, the statute does not restrict the power of the court but merely sets up a condition precedent to the establishment of the plaintiff’s cause of action, we think the violation of the statutory provision constitutes an error of law rather than excess of jurisdiction. (Cf Karry v. Superior Court, 162 Cal. 281, 284 [122 Pac. 475, 128 Pac. 760]; Estrin v. Superior Court, 14 Cal. (2d) 670, 674 [96 P. (2d) 340].)” (Italics in the original.) See also Armstrong v. Armstrong, supra, 15 Cal.3d at pages 950-951. The motion below did not lie.
II
The Plaintiff Was Eligible for Relief Under Penal Code Section 1203.45
*Supp. 25 At the time the Santa Monica court granted appellant’s motion to seal the records of his conviction for violating Penal Code section 647, subdivision (f), it was aware of the illegal campfire conviction in Santa Cruz. It also knew that the Santa Cruz court had sealed the records of that conviction. In 1976, at the hearing on the People’s motion to vacate the earlier order, the court recalled that its 1971 reasoning was that “. .. the [Santa Cruz] matter having been sealed under 1203.45, he legally could lie by saying to anybody he’d never been convicted, or maybe even arrested. He then hadn’t ever been convicted. Therefore, the Santa Monica case was, on the face of it, legally, in any event, supposedly a first conviction. And, therefore, I felt that adequately allowed the sealing here.”
The applicable portion of Penal Code section 1203.45 is set forth in the footnote.[1]
The section literally provides that after relief under it has been granted “. .. such conviction . .. shall be deemed not to have occurred . .. .” Taking the statute as it reads, the court below thus was correct in 1971 when it sealed the record of the Santa Monica conviction.
Penal Code section 1203.45 is remedial rather than penal in nature. (People v. Ryser (1974) 40 Cal.App.3d 1, 7 [114 Cal.Rptr. 668].) It “. .. was obviously enacted to achieve a salutary purpose of ameliorating the harsh and long-life social economic handicaps that accrue to persons under 21 [now 18] who are convicted of a single misdemeanor *Supp. 26 offense—an act most frequently reflecting immature judgment of youthful irresponsibility rather than a criminal bent or disposition. These disadvantages are undebatable and well documented [fn. omitted]. As one comment puts it, the effective sealing of criminal records is a ‘matter of conscience, not merely of convenience’ (Kogan & Laughery, Jr., Sealing and Expungement of Criminal Records—The Big Lie, 61 J. Crim. L.C. & P.S. 378.) . . .” (Ibid.) Given that purpose, the statute should be liberally construed in order to accomplish its ends. With such a reading, the Santa Monica judge in 1971, even though he in fact knew that the Santa Cruz conviction had occurred, was required to have “.. . deemed [it] not to have occurred ... .” Thus appellant was, at the time of the granting of the Santa Monica order, not “a person convicted of more than one offense.” Accordingly, he was eligible for the relief granted him in 1971 and that relief should not have been taken away from him in 1976.
The Attorney General suggests that at the time the Santa Cruz court sealed the record of the campfire conviction on November 10, 1971, appellant was not eligible for any relief under Penal Code section 1203.45 because he had suffered more than one conviction—the campfire offense and the intoxicated in public offense. Therefore, the Attorney General argues, the sealing order in Santa Cruz was improper and could not have rendered appellant eligible for any relief in Santa Monica. The short answer to this contention is the same as that which we have discussed under rubric one above—whatever direct attack might have been made on the Santa Cruz conviction the collateral attack suggested by this argument does not lie.
Further, it might well be doubted whether Penal Code section 647, subdivision (0, is in any event another “offense” within the meaning of Penal Code section 1203.45, subdivision (d).[2] We need not reach this point, however, in light of what has been said above.
*Supp. 27 III
Denial of Equal Protection
In limiting its available relief to persons who-have not been convicted of more than one offense, Penal Code section 1203.45 excludes certain second convictions. Among them are various “misdemeanor” [infraction] violations of the Vehicle Code. Petitioner argues that the Santa Cruz offense is such a petty misdemeanor that to rank it as excluding him from Penal Code section 1203.45 relief, while not including Vehicle Code violations in that category, is to deny him the equal protection of the law, People v. Ryser, supra, 40 Cal.App.3d 1. We do not reach this contention in light of our disposition of the matter.
The order appealed from is reversed with directions to the trial court to issue another order again sealing, pursuant to Penal Code section 1203.45, the records pertaining to appellant’s 1971 Santa Monica conviction.
Alarcon, J., and Wenke, J., concurred.

“(a) In any case in which a person was under the age of 21 years at the time of commission of a misdemeanor and is eligible for, or has previously received, the relief provided by Section 1203.4 or 1203.4a, such person, in a proceeding under Section 1203.4 or 1203.4a, or a separate proceeding, may petition the court for an order sealing the ■record of conviction and other official records in the case, including records of arrests resulting in the criminal proceeding and records relating to other offenses charged in the accusatory pleading, whether defendant was acquitted or charges were dismissed. If the court finds that such person was under the age of 21 at the time of the commission of the misdemeanor, and is eligible for relief under Section 1203.4 or 1203.4a or has previously received such relief, it may issue its order granting the relief prayed for. Thereafter such conviction, arrest, or other proceeding shall be deemed not to have occurred, and the petitioner may answer accordingly any question relating to their occurrence. . .
“(d) This section does not apply to a person convicted of more than one offense, whether the second or additional convictions occurred in the same action in which the conviction as to which relief is sought occurred or in another action, except in the following cases: . . .” At the time of the order in question here the statute referred to age 21 rather than age 18.

A decision of the Court of Appeal, First Appellate District, filed on January 19, 1977, and published in the official advance sheets held that a Penal Code section 647, subdivision (f) violation was not another conviction under Penal Code section 1203.45. We believe its reasoning logical but do not cite it due to the strictures of California Rules of Court, rule 977 since, on March 9, 1977, the Supreme Court directed the Reporter of Decisions not to publish the opinion (while denying a hearing to the case). Consistent with elementary common law principles, rule 977, however, does not say that a nonpublished decision is not available as a precedent. “It says only that a nonpublished opinion shall not be cited by a court or party.” (Gray v. Kay (1975) 47 Cal.App.3d 562, 566, fn. 3 [120 Cal.Rptr. 915].)