[No. D006827. Fourth Dist., Div. One. Jan. 4, 1988.]

LORENZA P., Petitioner, v. ,
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Christopher J. Plourd and Donald L. Levine for Petitioner.

Robert E. Boyce and Paul Bell, as Amici Curiae on behalf of Petitioner.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Thomas F. McArdle, Deputy District Attorneys, for Real Party in Interest.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Michael D. Wellington and Frederick R. Millar, Jr., Deputy Attorneys General, Lloyd M. Harmon, Jr., County Counsel, (San Diego) Daniel J. Wallace and Leonard W. Pollard II, Deputy County Counsel, as Amici Curiae on behalf of Real Party in Interest.

**OPINION**

**BENKE, J.**—Lorenza P. is charged with the murder of her five-month-old daughter. As part of her defense, various subpoenas duces tecum were

issued, including one to the custodian of records for the Child Protective Services Division of the County of San Diego (CPS). At a hearing on the matter CPS appeared with the requested records and filed form written objections to their release on the basis of privilege. The trial court, believing it did not have the authority to act until instructed by this court to do so refused to review the subpoenaed records or to direct that they be turned over to the court clerk or copied for the defense or prosecution. Petitioner then asked the trial court to review in camera a confidential declaration setting out the factual circumstances which created the need for the CPS documents. The court declined to do so instead sealing the record and suggesting that a petition for writ review be filed. There was no ruling on any issue with respect to the subpoena.

The subpoena duces tecum seeks the records of Sharai P., the victim, Carlos, her brother, and Lorenza, the accused. Sharai and Carlos are juveniles and thus their records come under Welfare and Institutions Code[1] section 827 which provides in part: "(a) Except as provided in Section 828, a petition filed in any juvenile court proceeding, reports of the probation officer, and all other documents filed in any such case or made available to the probation officer in making his or her report . . . and thereafter retained by the probation officer . . . may be inspected only by court personnel, the minor who is the subject of the proceeding, his or her parents or guardian, the attorneys for those parties, and such other persons as may be designated by court order of the judge of the juvenile court upon filing a petition therefor. The district attorney and child protective agencies, as defined in subdivision (k) of Section 11165 of the Penal Code, also shall be entitled to inspect these documents upon the filing of a declaration under penalty of perjury stating that access to these documents is necessary and relevant in connection with and in the course of a criminal investigation or a proceeding brought to declare a person a dependent child or ward of the juvenile court. . . ."

■ Included within the sphere of confidentiality are agency records relating to juvenile contacts as well as police reports. Even if juvenile court proceedings are not instituted and the matter is handled informally the juvenile's records relating to the incident remain confidential. (*T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767, 780-781 [94 Cal.Rptr. 813, 484 P.2d 981]; *Wescott* v. *County of Yuba* (1980) 104 Cal.App.3d 103, 106-109 [163 Cal.Rptr. 385].)

The cloak of confidentiality is, however, not absolute. It is the juvenile court, the court which has exclusive jurisdiction in these matters, which

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

determines the extent to which any files will be released. (*Wescott* v. *County of Yuba, supra,* 104 Cal.App.3d at p. 110.) ██ These records cannot be obtained by a subpoena as petitioner attempted to do here. (66 Ops.Cal.Atty.Gen. 105, 114-115 (1983).) Rather the proper procedure is to petition the juvenile court to review the records in camera to determine which, if any, may be disclosed. (*In re Maria V.* (1985) 167 Cal.App.3d 1099, 1103 [213 Cal.Rptr. 733].) The court follows the procedures set out in Evidence Code section 915, subdivision (b) and is guided in its decision by the balancing test of Evidence Code section 1040, subdivision (b)(2).

██ Excepted from the above petitioning process are "the minor who is the subject of the proceeding, his or her parents or guardian, [and] the attorneys for those parties. . . ." Here Sharai and Carlos are the subjects of the juvenile proceedings. Their mother and her attorney can inspect their files.

The county counsel suggests that an attorney who is representing a parent in a criminal case and who is not the attorney of record in the dependency case cannot inspect the juvenile file without an order from juvenile court. (62 Ops.Cal.Atty.Gen. 634, 636 (1979).) However, section 827 which was in effect at that time was amended in 1984. Added to the statute in 1984 was the provision giving the district attorney access to juvenile records by filing under penalty of perjury a declaration that access to the documents was necessary and relevant to a criminal investigation. At the same time, access without a petition to juvenile court was changed from "the minor . . . his parents or guardian, [and] the attorneys for such parties . . . ." to "the minor . . . his or her parents or guardian, [and] the attorneys for *those* parties, . . ." (Italics added.) Addition of the word "those" changes the sense of the statute from actual parties to the proceedings to the parties mentioned in the statute, i.e. minors and their parents.

In addition, in that the 1984 revision of section 827 gives the district attorney the right to review records upon a declaration that they are relevant to a criminal investigation there must be a similar right for the parent and his attorney in the same criminal matter. To hold otherwise would raise constitutional problems of due process in that any prosecution material that relates to guilt, innocence or punishment must be made available to the defendant. (*People* v. *Caplan* (1987) 193 Cal.App.3d 543 [238 Cal.Rptr. 478].)

Thus, as to Sharai and Carlos there is no need for an in camera hearing under the exception set out in the statute. However, these files remain records of the juvenile court which has the inherent right to control the time, place and manner of inspection. We leave it to the juvenile court to

determine what procedure might be needed in that regard if such regulations are not already in place.

■ Lorenza also seeks to obtain her own files from the Department of Social Services. These are protected under section 10850 and disclosure is limited to purposes directly connected with the administration of the social services programs or any criminal investigation or prosecution conducted in connection with the administration of such a program. However, here Lorenza seeks to obtain her own records. Thus, she can consent in writing to waive the protection of the statute and subpoena these files.

■ Petitioner further requests the trial judge be removed from the case because he was unwilling to exercise his discretion and make a decision, preferring to await guidance from this court. In a sense the court's failure to act here was understandable. The law of discovery of third party documents in criminal cases is in flux and an incorrect decision could result in disclosure of material that is later forbidden. While the trial court has an obligation to exercise its discretion, its failure to do so in this instance does not constitute a basis for disqualification.

In that no action by the superior court is needed the petition is denied.

Work, Acting P. J., and Todd, J., concurred.