[No. H005789. Sixth Dist. Aug. 7, 1989.]

KEITH PARMETT et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
CHRYSTAL B., a Minor, etc., Real Party in Interest.

COUNSEL

Daryl R. Nelson, Nelson & Russo, David N. Poll and Collins & Zapala for Petitioners.

No Appearance for Respondent.

Cliff Weingus and McTernan, Stender, Walsh & Schwartzbach for Real Party in Interest.

OPINION

COTTLE, J.—This petition for an extraordinary writ of prohibition in a discovery matter raises the first-impression question whether a minor's parent may invoke the protection conferred by the sealing of juvenile records pursuant to Welfare and Institutions Code section 781.[1] More specifically, the issue is whether such parent of a minor whose records have been sealed may answer discovery questions as though the juvenile proceeding had never taken place.

In this matter, Chrystal B., a minor, sues Keith Parmett and his parents Michael and Jeanette Parmett, claiming Keith molested her while the Parmetts were providing child care services for Chrystal in 1982 and 1983, when she and Keith were both minors. She sues Keith for sexual assault and his parents for negligent supervision of him.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

Juvenile proceedings against Keith as a result of his molestation of Chrystal have been sealed pursuant to section 781. Plaintiff in this lawsuit specifically petitioned the juvenile court to unseal the file or provide the information in it for her inspection. The county opposed the motion and the juvenile court denied it.

The instant petition for a writ of prohibition arises out of the refusal of Jeanette Parmett to answer questions or produce documents. She takes the position she will answer all questions touching upon the juvenile proceedings as though they never existed. She will not refuse or fail to answer questions about her knowledge of any of Keith's activities which she acquired from a source other than the juvenile proceedings.

The trial court granted plaintiff's motion to compel discovery. This petition for a writ of prohibition seeks to annul that order, claiming that it invades the protection conferred by the sealing statute.

The court ruled that Jeanette may not conceal facts which she actually knows simply because her source of knowledge was the juvenile proceeding. In making its ruling, the court said that although compelling disclosure of what Jeanette may have learned in the context of the juvenile proceedings will compromise the confidentiality of those proceedings to some extent, a protective order may appropriately redress those concerns. A protective order restricting dissemination of the information is embodied in the final order.

The court's statement of reasons in support of its order granting the motion to compel discovery states that two significant public policies, which the court must weigh and compare, are in conflict: that of the plaintiff's right to know the truth or falsity of the mother's assertion she did not know of the boy's proclivities for sexual misconduct when she allowed him to be alone with the plaintiff; and that of the juvenile offender to rehabilitate himself and live a useful and productive life free from the disability of the public record of juvenile delinquency proceedings, a right which the statute protects. The court concludes that here, the plaintiff's right is paramount. The court states that the protection was conferred primarily with the juvenile in mind, so that he might answer later questions about his past as though the proceedings never occurred; that protection was not intended to protect the parents from the consequences of their negligent supervision of the minor nor to allow them to respond to discovery as though they did not know facts which they in fact did know. Also, the court points out that the protection the statute confers is not absolute; it makes exceptions for the Department of Motor Vehicles.

Jeanette has been ordered to answer a number of questions. Some of the questions touch upon documents which she has similarly been ordered to

produce. All involve the molestation of Chrystal which formed the basis of the sealed juvenile proceedings. Some inquiries also involve allegations regarding another allegedly molested minor, Julie H., whose lawsuit against the Parmetts resulted in a settlement. The records of the juvenile proceeding against Keith involving Julie have similarly been sealed. The relevance of the discovery to this lawsuit is unquestioned, since it seeks to ascertain the extent of Jeanette's knowledge of her son's propensities at a time when she was providing child care for the minor girls and allowing her son access to them.

The document request which has been granted seeks any and all documents related to any allegations by any person or entity that Keith had sexual contact with any minor person, including but not limited to either Chrystal or Julie, or any statement made by any person relating to whether Keith had sexual contact with any person when that person was under age 16.

The deposition questions, among other things, seek to establish whether Jeanette says such documents do not exist because they really do not exist or because she regards them as being "deemed" not to exist due to the sealing of the records.

Also, counsel asked Jeanette such questions as the following: When did she first learn that Julie or Chrystal claimed to have been molested by Keith? Did any person ever make such claims of molestation and did Jeanette know of these claims? Was she aware of anyone ever accusing Keith of sexually molesting Julie or Chrystal? Was Keith ever arrested because of any allegations relating to Julie or Chrystal? Were any types of juvenile proceedings ever commenced relating to Keith as a result of his conduct toward Julie or Chrystal? Did Jeanette consult any psychologist after learning of such accusations? Did she speak to counselors in connection with juvenile proceedings? Did she seek counseling for her son at stated periods of time? Did Keith spend any time in jail or in a juvenile detention facility regarding the accusation pertaining to Chrystal? Did Keith ever reside in a residential facility called Ahwahnee Hills at any time? Did he reside in a program called The Futures Foundation? Was he ever committed to California Youth Authority? (Keith at his own deposition testified to his residence at these places after the molestation accusations were made.) Finally, counsel attempted to question Jeanette about a county action against the Parmetts for support of Keith while he was in county custody.

## THE STATUTE

Section 781 in pertinent part provides that once the juvenile records in a matter are ordered sealed, "the proceedings in the case shall be deemed

never to have occurred, and the person may properly reply accordingly to any inquiry about the events, the records of which are ordered sealed." And, "[t]he person who is the subject of records sealed pursuant to this section may petition the superior court to permit inspection of the records by persons named in the petition, and the superior court may so order. Otherwise, *except as provided in subdivision (b) the records shall not be open to inspection.*" (Italics added.)

Subdivision (b) provides a specific exception for actions based on defamation. The statute elsewhere excepts the Department of Motor Vehicles, which may have access under stated conditions. There are no other statutory exceptions.

## DISCUSSION

A ground of the superior court's ruling is that the statute provides exceptions; the protection is not absolute. ■ However, the existence of specific exceptions does not imply that others exist. The proper rule of statutory construction is that the statement of limited exceptions excludes others, and therefore the judiciary has no power to add additional exceptions; the enumeration of specific exceptions precludes implying others. (E.g., *Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537].)

■ Further, as petitioner points out, all cases construing the term "deemed" have held without exception that the meaning of "deemed" is that the deemed state of affairs is conclusively presumed to exist. (See e.g., *Irwin* v. *Pickwick Stages System, Inc.* (1933) 134 Cal.App. 443, 448 [25 P.2d 998].) Thus no basis exists in the language or the form of the statute for an exception in favor of a plaintiff in a civil lawsuit.

An opinion of the Attorney General says that if an agency receives an inquiry regarding a record which has been sealed, the proper response is "[w]e have no record on the named individual," even though the record may physically still exist. (40 Ops.Cal.Atty.Gen. 50 (1962).) Accordingly the statute does not only apply to inquiries directed at the minor himself.

Further, a case holds that even a court is barred from relying on its own knowledge that certain proceedings took place after there has been a sealing. (*People* v. *Elinson* (1977) 70 Cal.App.3d Supp. 19 [138 Cal.Rptr. 881], construing Pen. Code, § 1203.45 [sealing of misdemeanor convictions]; disapproved on other grounds in *People* v. *Dwyer* (1982) 138 Cal.App.3d 175, 178-179 [187 Cal.Rptr. 692].)

Petitioners rely on these instances to argue that not merely the juvenile himself, but all the world with knowledge of the sealed proceeding, is bound

to act as if the proceeding did not exist; this is the meaning of "deemed never to have occurred."

■ The court was concerned that the parent should be able to hide her actual knowledge because of the statute. First, plaintiff's counsel may discover a good deal of that knowledge because it was learned independently of the juvenile proceeding. Petitioner has committed herself to revealing that independently acquired knowledge. But more importantly, second, a legislatively provided privilege immunizes from discovery regardless of the importance of the concealed information to another's interests. Cases discussing the evidentiary privileges well illustrate that proposition. Suppression of important, relevant evidence is the legislatively chosen price of enforcement of an evidentiary privilege, such as that of attorney and client. (E.g., *Mitchell* v. *Superior Court* (1984) 37 Cal.3d 591, 599-600 [208 Cal.Rptr. 886, 691 P.2d 642].) No reason appears to treat differently the protection conferred by a sealing statute.

■ Plaintiff argues that only the minor himself may avail himself of the protection of section 781. She points out the use throughout the statute of the word "person," first in unambiguous reference to the minor whose records are sealed, and then later in reference to the person who need not answer questions about the juvenile proceeding. However, this argument leaves unanswered (1) how we should interpret the general language "deemed never to have occurred" and (2) how to avoid detriment to the juvenile, which the statute aims to prevent, if third parties may be questioned about the proceeding which is sealed and deemed nonexistent. Plaintiff says a protective order can take care of the latter problem, but the statutory protection conferred is absolute in terms—"deemed never to have existed"—and the statute confers no authority to disclose the material but make an order limiting dissemination.

In other areas involving statutory privileges the privilege can normally be asserted by third parties to prevent its destruction. (See Evid. Code §§ 953, 954 [lawyer-client privilege]; 993, 994 [physician-patient privilege]; 1013, 1014 [psychotherapist-patient privilege].) In each of these cases, the privilege may generally be claimed by its holder; his guardian, conservator or personal representative; the professional with whom he communicated; or a person authorized to claim the privilege by the holder of the privilege. In the context of juvenile privacy protection, by analogy, it would seem plain that the juvenile's parents would qualify as persons authorized to claim the privilege on his behalf, and probably also as persons authorized to claim the privilege. The protection given by the sealing statute is stronger than a mere evidentiary privilege; the statute provides that the proceeding is deemed not to have existed. Thus the protection afforded the juvenile under these circumstances must be at least as great as in the areas of evidentiary privilege

noted. Clearly the privacy protection would not be worth much if it could be avoided by getting the information from third parties.

What is more, the mother being deposed here is a member of the juvenile's family, an obvious point but one worth making in light of plaintiff's emphasis on her status as a "third party." The interests of parent and child are intertwined. The protection conferred upon the juvenile may be to the benefit of his family as well. A clean start for him enabling him to become a productive member of society cannot help but benefit his family. Similarly any psychological well being and peace of mind that he gains from the sealing will redound to the benefit of persons who care about his welfare. At least statistically, his mother is likely to be in that group. And finally, there is no indication that the Legislature intended to withhold that benefit from the family unit.

Plaintiff relies on a decision which she says supports her argument that sealing statutes of this sort only protect the person whose records are sealed. (*B. W.* v. *Board of Medical Quality Assurance* (1985) 169 Cal.App.3d 219 [215 Cal.Rptr. 130].) Actually that opinion does not involve the issue of a third party's right to claim a privilege; it considers only whether the Board of Medical Quality Assurance may take a physician's license away based on narcotics use as to which he has undergone successful diversion. The decision holds that the license cannot be revoked, because of the language of Penal Code section 1000.5, substantially similar to the statutory language here considered, to the effect that "[u]pon successful completion of a diversion program the arrest upon which the diversion was based shall be deemed to have never occurred." *B. W.* actually supports petitioner here, refusing to find exceptions to the categorical language of the statute even on public policy grounds. The court says, "We determine that the use of the words 'shall not be used' and 'in any way,' in referring to the record of arrest of a successful divertee, is indicative of an intent by the Legislature that the protection of section 1000.5 be given the broadest application." (*Id.*, at p. 232.) Similarly here, it is not consistent with the "broadest application" of the statute to allow the contents of the sealed proceeding to be revealed by third parties.

 Plaintiff argues that sometimes privacy rights of juveniles must give way, for example, when they conflict with the constitutional confrontation rights of a criminal defendant. (Citing *Davis* v. *Alaska* (1974) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105].) However she has produced no case finding the discovery rights of a civil plaintiff outweigh the privacy rights in a record that has been statutorily deemed nonexistent. In the related area regarding confidentiality under section 827, a case has held that a criminal defendant's discovery rights must in a proper case give way to the juvenile's privacy rights; it would require a strong showing of need before the privacy

might have to give way to the defendant's constitutional due process claims. (See *Foster* v. *Superior Court* (1980) 107 Cal.App.3d 218 [165 Cal.Rptr. 701].)

It would seem to follow that a civil plaintiff has little basis upon which to claim entitlement to invade the privilege of the sealing statute. It is doubtful whether such a plaintiff could ever mount a case of constitutional right to the information, but such a claim is crucial to allow privacy invasion on behalf of a criminal defendant, as in the *Foster* case and in *Davis* v. *Alaska, supra*. Further, within the *B. W.* case, *supra*, the broadest application of the statute must at minimum mean protection of the family members from divulging that which has been sealed. And finally, as has been said above, the omission from the statute of specific exceptions for civil plaintiffs, although the statute makes exceptions in other instances, is likewise strong support for the argument the Legislature did not consider such plaintiffs' rights to outweigh the interests served by the sealing statute.

## CONFLICTING RULINGS OF COURTS

Petitioner contends that the ruling of the juvenile court here, denying access to the records, should control, for two reasons. First, there is language in some decisions stating that the juvenile court has exclusive jurisdiction over whether and to what extent juvenile records should be made available to the public. (See, e.g., *T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767, 778, 781 [94 Cal.Rptr. 813, 484 P.2d 981]; *Wescott* v. *County of Yuba* (1980) 104 Cal.App.3d 103, 107 [163 Cal.Rptr. 385]; *Lorenza Juanita P.* v. *Superior Court* (1988) 197 Cal.App.3d 607, 610-611 [242 Cal.Rptr. 877].) These cases construe section 827 which specifically provides that access to juvenile court records can only be secured by court order of "the judge of the juvenile court" upon a petition to that court.

Petitioner's second argument rests on principles of comity, in that here the juvenile court has refused to divulge the records, and, arguably, requiring the mother to answer questions about the proceedings flouts that decision. In other contexts of conflict between tribunals, particularly in the area of conflicting custody rulings of the juvenile and the family law departments, cases have articulated the rule that normally the first tribunal to assume jurisdiction of the issue has power to decide it free from interference by the other department or tribunal. (See generally 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 341; and see *In re Brendan P.* (1986) 184 Cal.App.3d 910, 916 [230 Cal.Rptr. 720].)

In view of our determination that the sealing statute prevents the discovery ordered here, we find it unnecessary to discuss these contentions further.

### Disposition

We conclude that Jeanette Parmett must respond to questions and to document requests on the basis of her knowledge of historic events acquired outside of the juvenile proceedings, but that she may not reveal events which are part of the sealed juvenile proceedings nor documents generated on account of those proceedings. Knowledge which she has acquired solely from such proceedings is protected by the statute. Any changes in this rule must come from the Legislature. Jeanette's status as a third party, contrary to the trial court's ruling, is not germane to the result.

Plaintiff has been notified that a peremptory writ in the first instance could be issued here, and she has filed opposition. The peremptory writ of prohibition will issue in the first instance. (Code Civ. Proc., §§ 1104, 1105, 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of prohibition issue preventing the trial court from enforcing its discovery order dated April 28, 1989. Our temporary stay issued on May 24, 1989, shall remain in effect until finality of this opinion. As prevailing party petitioner shall have costs in this matter.

Premo, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied August 28, 1989.