BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE BILL MAZE AND SHARON RUNNER, MEMBERS OF THE STATE ASSEMBLY, have requested an opinion on the following question:
May the children's services inspector general of a county, an officer within the department of the auditor-controller appointed by the board of supervisors to identify county program improvements to prevent the recurrence of child deaths due to neglect or abuse, inspect the juvenile case file of a deceased child without issuance of a prior court order?
 CONCLUSION
The children's services inspector general of a county, an officer within the department of auditor-controller created by the board of supervisors to identify county program improvements to prevent the recurrence of child deaths due to neglect or abuse, may not inspect the juvenile case file of a deceased child without issuance of a prior court order.
 ANALYSIS
The board of supervisors of a county has created the office of children's services inspector general ("Inspector") within the department of the auditor-controller to identify county program improvements that may prevent the recurrence of child deaths due to neglect or abuse. Recently, a child who had been placed in a foster home by the county department of children and family services was killed by his father after the department had returned the child to the custody of his mother. The board of supervisors has directed the Inspector to investigate the boy's death and report back concerning whether any changes in the department's practices or procedures could prevent additional deaths.
We are asked whether in conducting his investigation, the Inspector may review the juvenile case file of the deceased child without issuance of a prior court order. We conclude that a prior court order is required.
Welfare and Institutions Code section 827,[1] which is the focus of our inquiry, "sets the current parameters of this state's policy with respect to the confidentiality of juvenile records and governs the release of such records. [Citations.]" (Pack v. Kings County Human Services Agency (2001) 89 Cal.App.4th 821,827.) The Legislature has determined that juvenile case files, in general, should be confidential with limited, specific exceptions to that policy. (T.N.G. v. Superior Court (1971) 4 Cal.3d 767,778-781; 62 Ops.Cal.Atty.Gen. 634, 638 (1979).)
Section 827 provides:
 "(a)(1) Except as provided in Section 828, a case file may be inspected only by the following:
"(A) Court personnel.
 "(B) The district attorney, a city attorney, or city prosecutor authorized to prosecute criminal or juvenile cases under state law.
"(C) The minor who is the subject of the proceeding.
"(D) His or her parents or guardian.
 "(E) The attorneys for the parties, and judges, referees, other hearing officers, probation officers and law enforcement officers who are actively participating in criminal or juvenile proceedings involving the minor.
 "(F) The superintendent or designee of the school district where the minor is enrolled or attending school.
 "(G) Members of the child protective agencies as defined in Section 11165.9 of the Penal Code.
 "(H) The State Department of Social Services to carry out its duties . . . to oversee and monitor county child welfare agencies, children in foster care or receiving foster care assistance, and out-of-state placements.
 "(I) To authorized legal staff or special investigators who are peace officers who are employed by, or who are authorized representatives of, the State Department of Social Services, as necessary to the performance of their duties to inspect, license, and investigate community care facilities . . . .
 "(J) Members of children's multidisciplinary teams, persons or agencies providing treatment or supervision of the minor.
 "(K) A judge, commissioner, or other hearing officer assigned to a family law case with issues concerning custody or visitation, or both, involving the minor, and the following persons, if actively participating in the family law case: a family court mediator assigned to a case involving the minor . . . a court-appointed evaluator or a person conducting a court-connected child custody evaluation, investigation, or assessment . . . and counsel appointed for the minor in the family law case . . . .
"(L) Juvenile justice commissions . . . .
 "(M) Any other person who may be designated by court order of the judge of the juvenile court upon filing a petition.
"(2) Notwithstanding any other law and subject to subparagraph (A) of paragraph (3), juvenile case files, except those relating to matters within the jurisdiction of the court pursuant to Section 601 or 602, which pertain to a deceased child who was within the jurisdiction of the juvenile court pursuant to Section 300, shall be released to the public pursuant to an order by the juvenile court after a petition has been filed and interested parties have been afforded an opportunity to file an objection. Any information relating to another child or which could identify another child, except for information about the deceased, shall be redacted from the juvenile case file prior to release, unless a specific order is made by the juvenile court to the contrary. Except as provided in this paragraph, the presiding judge of the juvenile court may issue an order prohibiting or limiting access to the juvenile case file, or any portion thereof, of a deceased child only upon a showing that release of the juvenile case file or any portion thereof is detrimental to the safety, protection, or physical, or emotional well-being of another child who is directly or indirectly connected to the juvenile case that is the subject of the petition.
"(3) Access to juvenile case files pertaining to matters within the jurisdiction of the juvenile court pursuant to Section 300 shall be limited as follows:
 "(A) If a juvenile case file, or any portion thereof, is privileged or confidential pursuant to any other state law or federal law or regulation, the requirements of that state law or federal law or regulation prohibiting or limiting release of the juvenile case file or any portions thereof shall prevail. Unless a person is listed in subparagraphs (A) to (L), inclusive, of paragraph (1) and is entitled to access under the other state law or federal law or regulation without a court order, all those seeking access, pursuant to other authorization, to portions of, or information relating to the contents of, juvenile case files protected under another state law or federal law or regulation, shall petition the juvenile court. The juvenile court may only release the portion of, or information relating to the contents of, juvenile case files protected by another state law or federal law or regulation if disclosure is not detrimental to the safety, protection, or physical or emotional well-being of a child who is directly or indirectly connected to the juvenile case that is the subject of the petition. This paragraph shall not be construed to limit the ability of the juvenile court to carry out its duties in conducting juvenile court proceedings.
 "(B) Prior to the release of the juvenile case file or any portion thereof, the court shall afford due process, including a notice of and an opportunity to file an objection to the release of the record or report to all interested parties.
 "(4) A juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, shall not be disseminated by the receiving agencies to any persons or agencies, other than those persons or agencies authorized to receive documents pursuant to this section. Further, a juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, shall not be made as an attachment to any other documents without the prior approval of the presiding judge of the juvenile court, unless it is used in connection with and in the course of a criminal investigation or a proceeding brought to declare a person a dependent child or ward of the juvenile court.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(e) For purposes of this section, a `juvenile case file' means a petition filed in any juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making his or her report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer."[2]
Accordingly, a "juvenile case file" covers a wide range of records, including agency files where no juvenile court proceedings have been instituted and the matter is handled informally. (See Cal. Rules of Court, rule 1423(a); T.N.G. v. Superior Court, supra, 4 Cal.3d at pp. 780-781; Lorenza P. v. Superior Court (1988) 197 Cal.App.3d 607, 610; Westcott v. County of Yuba (1980) 104 Cal.App.3d 103, 106-109; 66 Ops.Cal.Atty.Gen. 106, 110-111 (1983); 65 Ops.Cal.Atty.Gen. 503, 511 (1982); 62 Ops.Cal.Atty.Gen., supra, at p. 636.) Here, the deceased child, having been placed in a foster home in a juvenile court proceeding pursuant to the terms of section 300, would have a juvenile case file at the court and at the department of children and family services.[3]
The primary question we must answer is whether the Inspector comes under one of the categories of section 827, subdivision (a)(1)(A) through (a)(1)(L). If so, he may inspect the juvenile case file of the deceased child without issuance of a prior court order. (See People v. Superior Court (2003) 107 Cal.App.4th 488, 491; Pack v. Kings County Human Services Agency, supra, 89 Cal.App.4th at p. 828; In re Keisha T. (1995) 38 Cal.App.4th 220, 231.)
Preliminarily, we note that the Inspector would be acting as the agent of the board of supervisors when investigating the child's death. The board has delegated to the Inspector its authority to investigate the administration of a county department and has directed the Inspector to report back to it on possible program changes to prevent additional child deaths. The board is ultimately responsible for the conduct of the county's foster care program and acts through various county departments, officers, and employees in performing its duties. (See §§ 202.5, 272, 300, 306, 361, 361.2, 10051, 10800-10804.1.)
In these circumstances, does the Inspector, or even the board of supervisors itself, have authorized access to juvenile case files under one of the categories of section 827, subdivision (a)(1)(A) through (a)(1)(L)? Most of the categories are plainly inapplicable; however, some of the categories require closer examination.
We do not believe that the Inspector or the board of supervisors may reasonably be considered "probation officers and law enforcement officers who are actively participating in criminal or juvenile proceedings involving the minor." (§ 827, subd. (a)(1)(E).) Here, the juvenile proceedings have been terminated due to the death of the child. As for possible criminal proceedings against the child's father, neither the Inspector nor the board of supervisors may reasonably be considered as "actively participating" in them.
The "child protective agencies . . . defined in Section 11165.9
of the Penal Code" (§ 827, subd. (a)(1)(G)) are identified in the Penal Code statute as police departments, sheriff's departments, county probation departments, and county welfare departments that receive and investigate reports of suspected child abuse or neglect. Here, again, we do not view the Inspector or the board of supervisors as investigating "a report of suspected child abuse or neglect" (Pen. Code, § 11165.9) in the circumstances presented.
Section 827, subdivision (a)(1)(H) authorizes inspection of juvenile case files "to oversee and monitor county child welfare agencies, children in foster care or receiving foster care assistance." This is clearly the purpose of the Inspector's investigation of the child's death on behalf of the board of supervisors. However, this authorization is limited to "[t]he State Department of Social Services," not county officers or employees.
Under state law (§§ 10800-10804.1), the board of supervisors is responsible for "providing treatment or supervision" for foster care children (§ 827, subd. (a)(1)(J)), but this authorization appears to refer to ongoing treatment or supervision of the minor in question. Again, such circumstances are not present here.
Having reviewed the categories of section 827, subdivision (a)(1)(A) through (a)(1)(L), we find none applicable to the Inspector even though he would be acting on behalf of the board of supervisors in investigating the county's programs. Such omission may be the result of legislative oversight, but even if so, it is not our role to change the law; we may only interpret it. In a similar situation, the court in People v. Superior Court, supra, 107 Cal.App.4th 488, concluded that the Legislature had "omitted grand juries from the select list found in the present version of subparts (A)-(L)," but that "even if the omission was the product of legislative oversight, we cannot correct the mistake. [Citations.]" (Id. at p. 484.) In this regard, it should be noted that at one time district attorneys were not expressly authorized to inspect juvenile case files without issuance of a prior court order (see 66 Ops.Cal.Atty.Gen., supra, at pp. 109-113; 62 Ops.Cal.Atty.Gen., supra, at pp. 635-637), but now the Legislature has included them under the provisions of section 827, subdivision (a)(1)(B).
We believe that in the circumstances presented, requiring the issuance of a court order (§ 827, subd. (a)(1)(M)) would not place an undue burden upon the Inspector. (See Westcott v. County of Yuba, supra, 104 Cal.App.3d at p. 110 ["Although plaintiff's access to the information may be somewhat impaired by the requirement that a court order be obtained, we do not believe that this requirement places a substantial or onerous burden on plaintiff"].) Both the Legislature and the courts have recognized that when the death of a child occurs, his or her juvenile case file may contain significant information for purposes of "government accountability and reform." (Pack v. Kings County Human Services Agency, supra, 89 Cal.App.4th at p. 829.) As explained by the court in Pack, subdivision (a)(2) of section 827 allows for the disclosure of a deceased child's case file to the public upon issuance of a court order pursuant to that subdivision:
 "In cases governed by subdivision (a)(2), the Legislature has decided that the considerations favoring confidentiality are for the most part trumped by the considerations favoring public view, government accountability and reform. The legislators concluded that, when a dependent child dies in the care of a public agency, the need for confidentiality evaporates and the requirement for an expedited decision becomes manifest, because community reaction to the child's death may abate with the passage of time, and, without prompt investigation and assessment, the `opportunity to effect positive change' may cease. (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 199, supra, as amended Apr. 8, 1999, p. 1-4; Assem. Com. on Judiciary, Rep. on Sen. Bill No. 199, supra, as amended May 6, 1999, p. 2.)
 "In contrast to the veritable presumption in favor of confidentiality that attends the juvenile records of a living child, subdivision (a)(2) reflects a veritable presumption in favor of release when the child is deceased. (See Assem. Republican Caucus, analysis of Sen. Bill No. 199 (1999-2000 Reg. Sess.) as amended May 6, 1999, June 26, 1999, p. 1; Assem. Com. on Judiciary, Rep. on Sen. Bill No. 199, supra, as amended May 6, 1999, p. 3; Sen. Com. on Judiciary, 3d reading analysis of Sen. Bill No. 199 (1999-2000 Reg. Sess.) as amended July 1, 1999, p. 1.) Thus, unlike records pertaining to a living dependent, which must be maintained as confidential unless some sufficient reason for disclosure is shown to exist, records pertaining to a deceased dependent must be disclosed unless the statutory reasons for confidentiality are shown to exist." (Ibid.)[4]
Accordingly, the Inspector's role in pursuing "government accountability and reform" on behalf of the board of supervisors would unquestionably support access under section 827, subdivision (a)(1)(M), to the deceased child's juvenile case file for the reasons subdivision (a)(2) was enacted by the Legislature. Regardless of what may be released to the public under the latter subdivision, the Inspector's application for an order pursuant to subdivision (a)(1)(M) would have even more urgency and justification for his inspection of the file.[5]
Finally, we note that under section 827, subdivision (a)(3), if any portion of a juvenile case file is subject to confidentiality provisions of another state or federal law, the requirements of the other law prevail. However, a court order must still be obtained pursuant to subdivision (a)(3) when seeking access authorized by the other law. (See Cal. Rules of Court, rule 1423(i).) In this case, the "other state law" would be section 10850, which states:
 "(a) Except as otherwise provided in this section, all applications and records concerning any individual made or kept by any public officer or agency in connection with the administration of any provision of this code relating to any form of public social services for which grants-in-aid are received by this state from the United States government shall be confidential, and shall not be open to examination for any purpose not directly connected with the administration of that program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of any such program. The disclosure of any information which identifies by name or address any applicant for or recipient of these grants-in-aid to any committee or legislative body is prohibited, except as provided in subdivision (b).
"(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "Any county welfare department and the State Department of Social Services shall provide any governmental entity which is authorized by law to conduct an audit or similar activity in connection with the administration of public social services, including any committee or legislative body so authorized, with access to any public social service applications and records described in subdivision (a) to the extent of the authorization. Those committees, legislative bodies and other entities may only request or use these records for the purpose of investigating the administration of public social services, and shall not disclose the identity of any applicant or recipient except in the case of a criminal or civil proceeding conducted in connection with the administration of public social services.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Here, a portion of the deceased child's juvenile case file would be covered by the terms of section 10850. (See §§ 202.5, 10051; In re Keisha T., supra, 38 Cal.App.4th at pp. 237-238.) Accordingly, a court order would be required to allow access as specified in subdivision (a)(3) of section 827, since the Inspector is not included within any of the categories of subdivision (a)(1)(A) through (a)(1)(L).
We conclude that the Inspector, an officer within the department of auditor — controller created by the board of supervisors to identify county program improvements to prevent the recurrence of child deaths due to neglect or abuse, may not inspect the juvenile case file of a deceased child without issuance of a prior court order.
[1] All references hereafter to the Welfare and Institutions Code are by section number only.
[2] Section 828 concerns certain information gathered by a law enforcement agency; its provisions are inapplicable to our discussion. (See Cal. Rules of Court, rule 1423(g); In re Tiffany G. (1994) 29 Cal.App.4th 443, 450, fn. 5.)
[3] "Probation Officer," as used in section 300 proceedings, includes a social worker in the county agency responsible for the administration of child welfare. (Cal. Rules of Court, rule 1401(a)(21).) The board of supervisors may delegate to the county welfare department all or part of the duties of the probation officer. (§ 272.)
[4] Government Code section 6252.6, part of the Public Records Act, states:
 "Notwithstanding paragraph (2) of subdivision (a) of Section 827 of the Welfare and Institutions Code, after the death of a foster child who is a minor, the name, date of birth, and date of death of the child shall be subject to disclosure by the county child welfare agency pursuant to this chapter."
[5] Section 827, subdivision (a)(4), would govern the Inspector's dissemination of the information relating to the juvenile case file obtained pursuant to a subdivision (a)(1)(M) court order. (See In re Keisha T., supra, 38 Cal.App.4th at p. 234; In re Tiffany G., supra, 29 Cal.App.4th at pp. 450-452.)