[No. A035049. First Dist., Div. Four. Oct. 30, 1986.]

NAVAJO EXPRESS et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
KENNETH R. RUSSO, Real Party in Interest.

COUNSEL

Peter Axelrod and Reid & Axelrod for Petitioners.

No appearance for Respondent.

Charles S. Bishop and Jedeikin, Connor & Green for Real Party in Interest.

OPINION

SABRAW, J.—Real party in interest Kenneth R. Russo filed suit against petitioners for personal injuries suffered when a pickup truck in which real party was riding was struck by a semitruck driven by Michael Alldridge and leased by Navajo Express and Central States Leasing, petitioners herein. Real party claimed that he sustained brain damage manifested by violent behavior, emotional outbursts, tantrums, a reduction in mental capacity and functioning as well as numerous physical impairments. He furnished a history indicating that he had no prior history of such emotional problems and denied any abuse of drugs or alcohol.

On March 14, 1986, petitioners filed a petition in the juvenile court division of the superior court for release of real party's juvenile records. Petitioners alleged on information and belief that real party may have had episodes of violence and other manifestations of mental instability or emotional problems prior to the accident which resulted in contacts with the juvenile court. Petitioners claimed real party had placed his mental condition in issue and sought release of relevant records.

Real party opposed the petition on the ground that the records were confidential and on the ground that petitioners had no compelling need for the juvenile record which would be more than five years old.

At the hearing on the petition for release of the records, the juvenile court asked if the records were sealed but did not get an answer. The court considered the age of the records a relevancy problem which would be dealt with under Evidence Code section 352 at trial. The court denied the motion, however, stating that: "I think legally I am in a position I cannot authorize its release."[1]

If real party's juvenile record had been sealed, it could not be open to inspection without the permission of the juvenile and an order of the superior court except in an action based upon defamation where only the trial court is authorized to order the record unsealed for the period of the trial. (Welf. & Inst. Code, § 781.) Real party has at no time claimed that his record was sealed, so we proceed on the assumption that it has not been.

The applicable section, therefore, is Welfare and Institutions Code section 827 which provides in relevant part: "[A] petition filed in any juvenile court proceeding, reports of the probation officer, and all other documents filed in any such case or made available to the probation officer in making his or her report, or to the judge, referee or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer, may be inspected only by court personnel, the minor who is the subject of the proceeding, his or her parents or guardian, the attorneys for those parties, *and such other persons as may be designated by court order of the judge of the juvenile court upon filing a petition therefor.*" (Italics added.)

---

[1] At the hearing on May 1, 1986, petitioners explained their need for the records as follows:

"MR. AXELROD: He's about 28 years old now.

"He's claiming brain damage as a result of a rear-ender truck accident.

"The manifestations of the brain damage, according to his own doctors, are that there is no organic thing they can find but he claims that he has these violent outbursts where he's beat up his wife countless times, he's thrown his sister down a flight of stairs, tremendous episodes of outrage and so forth, plus his I.Q. has been lowered and these other claims of substantial damage, which if they are true could result in a huge verdict against my clients.

"The history that has been provided to his treating psychiatrist and psycologist [*sic*] is that prior to the accident he was a perfectly normal kid with no problems.

"His parents and he have denied any police contact growing up, other than the normal disciplinary problems.

"If that is not true, which I have substantial reason to believe is the case that it's not true, then the psychiatric opinions that say he's been brain damaged may be totally based upon misinformation and may result in a huge miscarriage of justice against my clients.

"The guy may be just as bad now as he was before. The question is how do I find out what he was like if his parents and he himself are concealing it?"

As can be seen by the language of this section, the juvenile court has the power to allow third persons to inspect the file. The question to be answered by the court was whether good cause had been shown for discovery and whether, after weighing the policy favoring confidentiality of juvenile records, the policy should be relaxed to accommodate the discovery.

Real party himself raised the issue of whether or not his emotional problems and erratic behavior had been caused by the accident. Clearly his past behavior would be relevant to this issue and might well be the only means by which petitioners could impeach real party's denial of a history of emotional problems or use of alcohol or drugs.

Although no case precisely on point has been reported, examples can be found where discovery of portions of a juvenile record have been allowed or contemplated following an in camera inspection by the court. Thus, in *Foster* v. *Superior Court* (1980) 107 Cal.App.3d 218 [165 Cal.Rptr. 701], the court held that confidentiality of a juvenile court file might have to give way to the right of a criminal defendant to cross-examination of a witness. In *In re Maria V.* (1985) 167 Cal.App.3d 1099 [213 Cal.Rptr. 733], the court approved of an in camera inspection by the court to determine whether a juvenile court record would be released to a mother who was contesting a petition to free her child from her custody and control. The court released portions of the record relevant to the case. In *Westcott* v. *County of Yuba* (1980) 104 Cal.App.3d 103 [163 Cal.Rptr. 385], the court held that a plaintiff in a civil action could not have access to a juvenile court record without a court order, albeit she was the parent of one of the juveniles involved in the report she sought. The court, however, recognized a right, though restricted, to discovery.

Real party unjustifiably cites the case of *Gravert* v. *DeLuse* (1970) 6 Cal.App.3d 576 [86 Cal.Rptr. 93] as a case approving of his position. There an appellate court mentioned with approval the fact that the trial court had apparently rejected the offer of a juvenile court record into evidence. The court did, however, take judicial notice of the record and, thereby, considered the facts within the file which were relevant to the proceeding at hand.

Relevancy to an issue raised by a plaintiff ordinarily constitutes good cause for discovery. (Code Civ. Proc., §§ 2016, subd. (b), 2031, subd. (a).) Real party contends that the enactment of Welfare and Institutions Code section 827, the purpose of which is to protect the minor, reveals an intention that juvenile records not be subject to discovery in a civil action brought by the minor. We do not agree. ■ The section itself contemplates that situations will exist where inspection by third parties will be permitted and puts the protection of confidentiality of the records within the discretion of

the juvenile court. The purpose of preserving confidentiality can be served by not permitting inspection by the third party before an initial in camera inspection by the court.

Real party further contends that petitioners did not describe the information sought with sufficient specificity. Again we do not agree. Real party identified the specific issue to which the material requested would be relevant. That was sufficient in this case to enable the court to identify what material, if any, to release. The danger of a "fishing expedition" which may exist when a party is allowed to inspect a file does not exist when the court inspects the record.

Although petitioners' request in their petition in juvenile court was for release "of any and all records" concerning real party, petitioners' attorney made clear in the hearing that he wants only records directly relevant to real party's claim that he had never experienced problems similar to those experienced after the accident.

Petitioners suggest a set of guidelines for disclosure which this court finds generally acceptable. ■ We note in this regard that petitioners had suggested that the record be reviewed for relevancy by the court in which the civil action is pending; however, the petition in this case was filed in the juvenile department of the superior court and therefore our writ should be directed to the respondent juvenile court rather than the trial court where the civil action is pending.

■ We approve the following guidelines for disclosure:

1. That the juvenile records sought pertain to the plaintiff in a civil action;

2. That the records sought be otherwise discoverable in that civil action but for their character as records of the juvenile court or law enforcement records pertaining to a juvenile, and that the court make a finding that the need for discovery outweighs the policy considerations favoring confidentiality of juvenile records.

3. That the records be reviewed in camera by the court and only those found to meet the criteria of No. 2 above be produced;

4. That the identity of any other juveniles contained in the records be obliterated unless the court, after notice to such other juvenile and a hearing thereon, determines the interests of justice require disclosure;

5. That the records produced be limited to use in that civil action and (except as necessary in trial) not disclosed to anyone other than the parties,

their counsel (including investigators and adjusters), experts, and, if applicable, the insurance carrier of defendants. That upon conclusion of the litigation, all documents either be returned to the plaintiff or destroyed and the court's file be sealed.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of May 1, 1986, in action No. 21827, In re the Matter of Kenneth R. Russo and conduct further proceedings in accordance with the guidelines set forth in this opinion.

Anderson, P. J., and Poché, J., concurred.