Filed 2/25/16  P. v. Rodriguez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW LUIS RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B265167<br>(Super. Ct. No. 2013003058)<br>(Ventura County) |

Andrew Luis Rodriguez appeals from an order recalling his felony sentence, resentencing him to misdemeanors, and placing him on misdemeanor parole for one year. The order was entered pursuant to Penal Code section 1170.18, enacted by Proposition 47.[1] Appellant contends that he is entitled to have the one-year period of misdemeanor parole reduced by his excess custody credits, i.e., the number of days by which his time served in prison exceeds his misdemeanor sentence.  He also contends that the period of misdemeanor parole must be reduced by the number of days that he was released from prison on Post Release Community Supervision (PRCS).  We affirm.

*Factual and Procedural Background*

In March 2013 appellant pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and felony receiving stolen property.  (§ 496, subd. (a).)  In May 2013 he was sentenced to prison for two years, eight months.  The trial court

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

suspended execution of the sentence and placed appellant on formal probation for 36 months on condition that he serve 184 days in county jail.

In August 2013 appellant admitted probation violations. Probation was revoked, and the trial court ordered into effect the previously suspended prison sentence of two years, eight months. Appellant received credits totaling 328 days for time served.

In July 2014 appellant was released from prison on PRCS. In April 2015 his probation officer filed a petition for revocation of PRCS. The officer alleged, "The offender is before the Court for his 5th violation [of PRCS] since his release from state prison on 7-04-14." The fifth violation consisted of the following acts: (1) appellant had failed to report to the probation officer as directed, (2) he had failed to appear for a psychological assessment to assist in treatment planning, and (3) he had admitted using methamphetamine two days earlier. The court found appellant in violation of PRCS and ordered him to serve 90 days in county jail.

Appellant filed a petition for recall of his sentence and for resentencing to misdemeanors pursuant to subdivisions (a) and (b) of section 1170.18. On April 21, 2015, the court granted the petition and reduced both felony offenses to misdemeanors. It ordered appellant to serve 364 days in jail for possession of methamphetamine and 240 days, consecutively, for receiving stolen property. Appellant received credit for time served and was placed on misdemeanor parole for one year pursuant to subdivision (d) of section 1170.18.

*Proposition 47*

"On November 4, 2014, the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' . . . , which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Before the passage of Proposition 47, receiving stolen property and possession of methamphetamine were punishable either as a felony or a misdemeanor. Proposition 47 amended section 496, subdivision (a) to make receiving stolen property punishable only as a misdemeanor if the value of the stolen property does not exceed $950 and the defendant has not previously been convicted of specified serious felonies. It amended section 11377, subdivision (a) to make

2

possession of methamphetamine punishable only as a misdemeanor if the defendant has not previously been convicted of the same serious felonies.

Proposition 47 added section 1170.18 to the Penal Code. Subdivision (a) of section 1170.18 permits persons who are "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing" under Proposition 47. If the petitioner satisfies the criteria in subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Subdivision (d) provides, "A person who is resentenced . . . shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."

### The One-Year Period of Misdemeanor Parole Is Not Reduced By Excess Custody Credits or Prior Periods on PRCS

Appellant contends that, against the one-year period of misdemeanor parole, he is entitled to credit for the number of days by which his time served in prison exceeds his misdemeanor sentence.[2] Such credits are referred to as "*Sosa* credits." In *In re Sosa* (1980) 102 Cal.App.3d 1002, the court held that presentence custody credits in excess of a prisoner's term of imprisonment reduce the prisoner's time on parole.

"[O]ur 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) " '[W]e apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their

---

[2] This issue is before the California Supreme Court in *People v. Morales*, no. S228030, review granted Aug. 26, 2015. (See Supreme Ct. News Release dated Oct. 16, 2015, p. 2, http://www.courts.ca.gov/documents/ws101215.pdf [*Morales* "presents the following issue: Can excess custody credits be used to reduce or eliminate the one-year parole period required by Penal Code section 1170.18, subdivision (d), upon resentencing under Proposition 47?].) The Supreme Court has granted review in two cases decided by this court that involve the same issue: *People v. McCoy*, no. S229296, review granted Oct. 14, 2015; and *People v. Hickman*, no. S227964, review granted Aug. 26, 2015.)

ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Id*., at pp. 900-901.)

The language of section 1170.18, subdivision (d) is unambiguous. It provides, "A person who is resentenced . . . shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion . . . releases the person from parole." The phrase "shall be given credit for time served and shall be subject to parole for one year" indicates that, irrespective of the amount of credit for time served on the felony offense before it was reduced to a misdemeanor, the petitioner shall be subject to parole for one year. Otherwise, the phrase would read, "shall be given credit for time served and shall be subject to parole for one year *unless credit for time served reduces the one-year parole period.*" Instead, the "unless" clause states, "unless the court, in its discretion . . . releases the person from parole." The statutory language makes clear that the only exception to the one-year parole requirement is if the court releases the person from that requirement. " '[T]he existence of specific exceptions does not imply that others exist. The proper rule of statutory construction is that the statement of limited exceptions excludes others, and therefore the judiciary has no power to add additional exceptions; the enumeration of specific exceptions precludes implying others.' [Citation.]" (*In re James H.* (2007) 154 Cal.App.4th 1078, 1083-1084; see also *Building Profit Corp. v. Mortgage & Realty Trust* (1995) 36 Cal.App.4th 683, 689 [" 'When a statute contains an exception to a general rule laid down therein, that exception is strictly construed [citation] [and] [o]ther exceptions are necessarily excluded' "].)

If the language of section 1170.18, subdivision (d) were ambiguous, the ambiguity would be cured by the Legislative Analyst's comments in the official ballot pamphlet. The Legislative Analyst informed the voters: "Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), Prop. 47, Analysis by Legislative

4

Analyst, p. 36.) Any voter who read this statement would have assumed that a one-year period of parole is mandatory unless the judge reduces or eliminates it. "The Legislative Analyst's comments, like other materials presented to the voters, 'may be helpful but are not conclusive in determining the probable meaning of initiative language.' [Citation.] Thus, when other statements in the election materials contradict the Legislative Analyst's comments we do not automatically assume that the latter accurately reflects the voters' understanding. [Citation.]" (*San Francisco Taxpayers Assn. v. Bd. of Supervisors* (1992) 2 Cal.4th 571, 580.) Nothing in the election materials for Proposition 47 contradicts the Legislative Analyst's conclusion that a person resentenced to a misdemeanor "would be required to be on state parole for one year." This is the only statement in the election materials concerning the one-year misdemeanor parole period. (See *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78, 82 [Legislative Analyst's comment "eliminates doubt" as to correct interpretation of ballot proposition].)

Appellant contends that, against the one-year period of misdemeanor parole, he is also entitled to credit for his prior period on PRCS. For the reasons explained above, he is not entitled to this credit. Furthermore, it would be absurd to give appellant credit for his prior period on PRCS because he repeatedly violated the terms and conditions of PRCS. In the petition to revoke PRCS, the probation officer noted that appellant "is before the Court for his 5th violation [of PRCS] since his release from state prison."

*Disposition*

The order recalling appellant's felony sentence, resentencing him to misdemeanors, and placing him on misdemeanor parole for one year is affirmed.

                NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:


            GILBERT, P.J.


            PERREN, J.

5

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.