Filed 3/3/16  P. v. Jasso CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN JASSO,<br><br>    Defendant and Appellant. | 2d Crim. No. B265981<br>(Super. Ct. No. 2013006761)<br>(Ventura County) |

Juan Jasso appeals an order recalling his felony sentence, resentencing him to a misdemeanor sentence, and placing him on supervised misdemeanor parole for one year, pursuant to Penal Code section 1170.18.[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On June 11, 2013, Jasso pleaded guilty to possession of a controlled substance and misdemeanor resisting a police officer.  (Health & Saf. Code, § 11377, subd. (a); § 148, subd. (a)(1).)  Jasso also admitted suffering a prior serious felony strike conviction in 2009 for robbery.  (§§ 211, 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  On August 30, 2013, the trial court granted Jasso's motion to dismiss the strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  The court then sentenced Jasso to a low-term 16-month imprisonment (plus 90 days confinement in

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

county jail for the misdemeanor count), imposed various fines and fees, and awarded him 365 days of presentence custody credit.

On October 31, 2013, the California Department of Corrections released Jasso from prison into the postrelease community supervision program ("PRCS") for a period not to exceed three years. (§ 3450 et seq. ["Postrelease Community Supervision Act of 2011"].) In November 2013, Jasso was arrested and reincarcerated for drug-related violations of his community supervision program. In September 2014, Jasso was again arrested and reincarcerated for program violations.

On November 10, 2014, Jasso filed a petition to have his sentence recalled and to have his felony conviction reclassified as a misdemeanor, pursuant to section 1170.18. Jasso asserted that he had completed his sentence and was not subject to any misdemeanor parole period according to section 1170.18, subdivision (f). Alternatively, he contended that he was entitled to have his excess custody credits applied against his term of parole as held by *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005-1006. Following a hearing, the trial court redesignated Jasso's conviction as a misdemeanor and ordered him to serve one year in county jail with credit for time served. By separate order, the court placed Jasso on one-year supervised misdemeanor parole effective December 8, 2014, as authorized by section 1170.18, subdivision (d).

Jasso appeals and contends that: 1) the trial court erred by not resentencing him pursuant to section 1170.18, subdivision (f), and 2) he is entitled to credit for time served on PRCS against his one-year misdemeanor parole term.

*DISCUSSION*

*I.*

Jasso argues that the trial court erred when it treated his petition for resentencing as one filed pursuant to section 1170.18, subdivision (a), rather than subdivision (f), because he had completed his sentence when he was released from prison on October 31, 2013. In other words, Jasso asserts that PRCS is not part of his former felony "sentence" for purposes of resentencing pursuant to section 1170.18.

2

On November 4, 2014, the voters enacted Proposition 47, The Safe Neighborhoods and Schools Act, which became effective the following day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 added section 1170.18 to the Penal Code. Subdivision (a) of section 1170.18 permits a person who is "*currently serving a sentence* for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing." (Italics added.) If the person satisfies the criteria in subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Subdivision (d) provides, "A person who is resentenced . . . shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence,* unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (Italics added.)

In prior decisions, we have considered and rejected contentions similar to those raised here. (*People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, No. S229296; *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015, No. S227964.) We see no reason to depart from the reasoning and conclusions set forth in these opinions, although we recognize there is a contrary view. (*People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015, No. S228030.)

Jasso was properly resentenced pursuant to section 1170.18, subdivisions (a) and (b) because he had not completed PRCS and, therefore, was "currently serving a sentence" for a qualifying felony conviction. (§ 1170.18, subd. (a) ["A person currently serving a sentence" for a conviction for a qualifying felony may petition for recall of sentence and resentencing].) A period of parole or PRCS "constitutes part of the punishment for the underlying crime." (*People v. Nuckles* (2013) 56 Cal.4th 601, 608.) Proposition 47 did not abrogate the long-standing statutory mandate that a period of

3

parole or PRCS is, with narrow exceptions, a mandatory feature of every sentence resulting in imprisonment in the state prison. (*Id.* at p. 609.)

*II.*

Jasso contends that he is entitled to have his one-year period of misdemeanor parole reduced by the period of PRCS served on his felony commitment offense as well as any excess custody credits. He asserts that such crediting serves the purposes of section 1170.18 to reduce the prison population and prison expenses.

Section 1170.18, subdivision (d) is unambiguous. It requires the imposition of a one-year misdemeanor parole unless the trial court, in its discretion, releases the defendant from parole. The phrase "shall be given credit for time served and shall be subject to parole for one year" indicates that regardless of the amount of credit for time served on the felony offense before it was reduced to a misdemeanor, the defendant shall be subject to parole for one year. (*Ibid.*) The statutory language is clear that the only exception to the one-year parole requirement is the court's discretion to release the defendant from the requirement. Rules of statutory construction provide that a statement of limited exceptions excludes others; thus, the judiciary has no power to add additional exceptions. (*In re James H.* (2007) 154 Cal.App.4th 1078, 1083-1084.)

The resentencing order is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P.J.

We concur:



YEGAN, J.



PERREN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.