Filed 3/21/16  P. v. Reyes CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY ROBERT REYES,<br><br>    Defendant and Appellant. | 2d Crim. No. B265038<br>(Super. Ct. No. 2010039576)<br>(Ventura County) |

Anthony Robert Reyes appeals from an order recalling his felony sentence, resentencing him to a misdemeanor, and placing him on misdemeanor parole for one year.  The order was entered pursuant to Penal Code section 1170.18, enacted by Proposition 47.[1]  Appellant contends that he is entitled to have the one-year period of misdemeanor parole reduced by his excess custody credits, i.e., the number of days by which his time served in prison exceeds his misdemeanor sentence.  He also contends that, in violation of subdivision (e) of section 1170.18, the trial court resentenced him to a term longer than his original sentence.  We affirm.

*Factual and Procedural Background*

In March 2011 appellant pleaded guilty to felony receiving stolen property.  (§ 496, subd. (a).)  He admitted one prior prison term enhancement.

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

(§ 667.5, subd. (b).) He was sentenced to prison for three years: two years for receiving stolen property plus one year for the prior prison term enhancement. The trial court suspended execution of the sentence and placed appellant on formal probation for 36 months on condition that he serve 260 days in county jail.

In July 2011 appellant admitted probation violations. The trial court terminated probation and ordered into effect the previously suspended three-year prison sentence. In September 2012 appellant was released from prison on postrelease community supervision (PRCS) for a period not exceeding three years.

In April 2015 appellant filed a petition to recall his sentence and resentence him to a misdemeanor pursuant to subdivisions (a) and (b) of section 1170.18. The trial court granted the petition and resentenced him to 364 days in county jail. The court terminated PRCS, gave appellant credit for time served of 364 days, and placed him on misdemeanor parole for one year pursuant to subdivision (d) of section 1170.18.

*Proposition 47*

"On November 4, 2014, the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' . . . , which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Before the passage of Proposition 47, receiving stolen property was punishable either as a felony or a misdemeanor. Proposition 47 amended section 496, subdivision (a) to make receiving stolen property punishable only as a misdemeanor if the value of the stolen property does not exceed $950 and the defendant has not previously been convicted of specified serious felonies.

Proposition 47 added section 1170.18 to the Penal Code. Subdivision (a) of section 1170.18 permits persons who are "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing" under Proposition 47. If the petitioner satisfies the criteria in

2

subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  Subdivision (d) provides, "A person who is resentenced . . . shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."

### The One-Year Period of Misdemeanor Parole
### Is Not Reduced By Excess Custody Credits

Appellant contends that, against the one-year period of misdemeanor parole, he is entitled to credit for the number of days by which his time served in prison exceeds his misdemeanor sentence.[2]  Such credits are referred to as "*Sosa* credits."  In *In re Sosa* (1980) 102 Cal.App.3d 1002, the court held that presentence custody credits in excess of a prisoner's term of imprisonment reduce the prisoner's time on parole.

"[O]ur 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.'  [Citation.]"  (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)  "'[W]e apply the same principles that govern statutory

---

[2] This issue is before the California Supreme Court in *People v. Morales*, no. S228030, review granted Aug. 26, 2015.  (See Supreme Ct. News Release dated Oct. 16, 2015, p. 2, http://www.courts.ca.gov/documents/ws101215.pdf [*Morales* "presents the following issue: Can excess custody credits be used to reduce or eliminate the one-year parole period required by Penal Code section 1170.18, subdivision (d), upon resentencing under Proposition 47?].)  The Supreme Court has granted review in two cases decided by this court that involve the same issue: *People v. McCoy*, no. S229296, review granted Oct. 14, 2015; and *People v. Hickman*, no. S227964, review granted Aug. 26, 2015.)

construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Id*., at pp. 900-901.)

The language of section 1170.18, subdivision (d) is unambiguous. It provides, "A person who is resentenced . . . shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion . . . releases the person from parole." The phrase "shall be given credit for time served and shall be subject to parole for one year" indicates that, irrespective of the amount of credit for time served on the felony offense before it was reduced to a misdemeanor, the petitioner shall be subject to parole for one year. Otherwise, the phrase would read, "shall be given credit for time served and shall be subject to parole for one year *unless credit for time served reduces the one-year parole period.*" Instead, the "unless" clause states, "unless the court, in its discretion . . . releases the person from parole." The statutory language makes clear that the only exception to the one-year parole requirement is if the court releases the person from that requirement. "'[T]he existence of specific exceptions does not imply that others exist. The proper rule of statutory construction is that the statement of limited exceptions excludes others, and therefore the judiciary has no power to add additional exceptions; the enumeration of specific exceptions precludes implying others.' [Citation.]" (*In re James H.* (2007) 154 Cal.App.4th 1078, 1083-1084; see also *Building Profit Corp. v. Mortgage & Realty Trust* (1995) 36 Cal.App.4th 683, 689 ["'When a statute contains an exception to a general rule laid down therein, that exception is strictly construed [citation] [and] [o]ther exceptions are necessarily excluded'"].)

4

If the language of section 1170.18, subdivision (d) were ambiguous, the ambiguity would be cured by the Legislative Analyst's comments in the official ballot pamphlet. The Legislative Analyst informed the voters: "Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), Prop. 47, Analysis by Legislative Analyst, p. 36.) Any voter who read this statement would have assumed that a one-year period of parole is mandatory unless the judge reduces or eliminates it. "The Legislative Analyst's comments, like other materials presented to the voters, 'may be helpful but are not conclusive in determining the probable meaning of initiative language.' [Citation.] Thus, when other statements in the election materials contradict the Legislative Analyst's comments we do not automatically assume that the latter accurately reflects the voters' understanding. [Citation.]" (*San Francisco Taxpayers Assn. v. Bd. of Supervisors* (1992) 2 Cal.4th 571, 580.) Nothing in the election materials for Proposition 47 contradicts the Legislative Analyst's conclusion that a person resentenced to a misdemeanor "would be required to be on state parole for one year." This is the only statement in the election materials concerning the one-year misdemeanor parole period. (See *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78, 82 [Legislative Analyst's comment "eliminates doubt" as to correct interpretation of ballot proposition].)[3]

*Appellant's Resentencing Did Not*

*Violate Subdivision (e) of Section 1170.18*

Subdivision (e) of section 1170.18 provides, "Under no circumstances may resentencing under this section result in the imposition of a *term* longer than the original sentence." (Italics added.) Appellant construes "term" as including a

_____

[3] In his reply brief appellant relies on *People v. Armogeda*, S230374, even though he acknowledges that the Supreme Court granted review in that case on December 9, 2015. Appellant argues, "While *Armogeda* is not controlling, the reasoning of the opinion is sound." This argument is improper. *Armogeda* may not be cited as an authority. (Cal. Rules of Court, rules 8.115(a), 8.1105(e)(1).)

5

mandatory period of misdemeanor parole imposed pursuant to subdivision (d) upon resentencing to a misdemeanor. Thus, appellant argues that his misdemeanor parole cannot extend beyond the end of his original sentence, which he claims to be the date that PRCS was scheduled to expire. (See § 3000, subd. (a)(1) ["A sentence resulting in imprisonment in the state prison . . . shall include a period of parole supervision or postrelease community supervision"]; *In re Roberts* (2005) 36 Cal.4th 575, 590 ["a sentence contemplates a period of parole, which in that respect is related to the sentence"].)

At the hearing on appellant's petition to recall his felony sentence, his counsel stated that PRCS was due to expire in September 2015. The People did not dispute the accuracy of counsel's statement. Appellant contends that his resentencing violated subdivision (e) of section 1170.18 because the one-year period of misdemeanor parole "is scheduled to end on April 21, 2016, seven months past the end of appellant's original felony sentence," i.e., the date in September 2015 when PRCS was due to expire.

Assuming that appellant's original sentence ended in September 2015, he was not resentenced to a "term" longer than his original sentence within the meaning of section 1170.18, subdivision (e). The subdivision must be read together with the one-year misdemeanor parole requirement of subdivision (d). "It is a cardinal rule of construction that the several parts of a statute must be read together and harmonized, when reasonably possible, so as to . . . give effect to the intent of the Legislature [or the electorate in the case of an initiative statute such as section 1170.18]." (*Ingram v. Justice Court for Lake Valley Judicial Dist. of El Dorado County* (1968) 69 Cal.2d 832, 839.) As discussed in the preceding part of this opinion, the electorate intended that a person resentenced to a misdemeanor be placed on misdemeanor parole for one year unless the court reduces the one-year period or eliminates it. Appellant's construction of subdivision (e) would nullify this requirement in many cases. We therefore construe the word "term" as used in subdivision (e) as not including a period

6

of misdemeanor parole imposed pursuant to subdivision (d).  "Term" means the jail term imposed upon resentencing.

### Disposition

The order recalling appellant's felony sentence, resentencing him to a misdemeanor, and placing him on misdemeanor parole for one year is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Winters, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.