Filed 4/27/16  P. v. Krueger CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THERON KRUEGER,<br><br>    Defendant and Appellant. | 2d Crim. No. B267229<br>(Super. Ct. No. 2013025776)<br>(Ventura County) |

Theron Krueger appeals an order recalling his felony sentence for petty theft with three or more priors, resentencing him to a misdemeanor sentence, and placing him on supervised misdemeanor parole for one year.  (Pen. Code, §§ 666, subd. (a), 1170.18 ["Proposition 47"].)[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On February 4, 2014, Krueger pleaded guilty to felony petty theft with three or more priors.  (§ 666, subd. (a).)  Krueger also admitted suffering a prior serious felony strike conviction in 2003 for robbery, and serving two prior prison terms.  (§§ 211, 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  At sentencing, the trial court dismissed the strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, as well as the prior prison term findings.  (§ 1385, subd. (a).)  The

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

court then sentenced Krueger to a midterm two years imprisonment, imposed various fines and fees, and awarded him 233 days of presentence custody credit.

On October 11, 2014, the California Department of Corrections released Krueger from prison into the postrelease community supervision program ("PRCS") for a period not to exceed three years. (§ 3450 et seq. ["Postrelease Community Supervision Act of 2011"].)

On November 6, 2014, Krueger filed a petition to have his sentence recalled and to have his felony conviction reclassified as a misdemeanor, pursuant to Proposition 47 and section 1170.18. Following a hearing on July 30, 2015, the trial court redesignated Krueger's conviction as a misdemeanor violation of section 459.5, subdivision (a), and ordered him to serve 180 days in county jail with credit for time served. The court also ordered Krueger's PRCS successfully terminated and placed him on one-year supervised misdemeanor parole effective July 30, 2015, as authorized by section 1170.18, subdivision (d). The court denied Krueger's request to apply his excess custody credits against his term of parole as held by *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005-1006.

Krueger appeals and contends that: 1) the trial court erred by not resentencing him pursuant to section 1170.18, subdivision (f), and 2) he is entitled to credit for time served (excess custody credit or time served on PRCS) against his one-year misdemeanor parole term.

*DISCUSSION*

*I.*

Krueger argues that the trial court erred when it treated his petition for resentencing as one filed pursuant to section 1170.18, subdivision (a), rather than subdivision (f), because he had completed his sentence when he was released from prison on October 11, 2014. In other words, Krueger asserts that PRCS is not part of his former felony sentence for purposes of resentencing pursuant to section 1170.18.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which became effective the following day. (*People v.*

2

*Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 added section 1170.18 to the Penal Code. Subdivision (a) of section 1170.18 permits a person who is "*currently serving a sentence* for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing." (Italics added.) If the person satisfies the criteria in subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Subdivision (d) provides, "A person who is resentenced . . . shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence,* unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (Italics added.)

In prior decisions, we have considered and rejected contentions similar to those raised here. (*People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, No. S229296; *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015, No. S227964.) We see no reason to depart from the reasoning and conclusions set forth in these opinions, although we recognize there is a contrary view. (*People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015, No. S228030.)

Krueger was properly resentenced pursuant to section 1170.18, subdivisions (a) and (b) because he had not completed PRCS and, therefore, was "currently serving a sentence" for a qualifying felony conviction. (§ 1170.18, subd. (a) ["A person currently serving a sentence" for a conviction for a qualifying felony may petition for recall of sentence and resentencing].) A period of parole or PRCS "constitutes part of the punishment for the underlying crime." (*People v. Nuckles* (2013) 56 Cal.4th 601, 608.) Proposition 47 did not abrogate the long-standing statutory mandate that a period of parole or PRCS is, with narrow exceptions, a mandatory feature of every sentence resulting in imprisonment in the state prison. (*Id.* at p. 609.)

*II.*

Krueger contends that he is entitled to have his one-year period of misdemeanor parole reduced by the period of PRCS served on his felony commitment offense as well as any excess custody credit. He asserts that such crediting serves the purposes of section 1170.18 to reduce the prison population and prison expenses.

Section 1170.18, subdivision (d) is unambiguous. It requires the imposition of a one-year misdemeanor parole unless the trial court, in its discretion, releases the defendant from parole. The phrase "shall be given credit for time served and shall be subject to parole for one year" indicates that regardless of the amount of credit for time served on the felony offense before it was reduced to a misdemeanor, the defendant shall be subject to parole for one year. (*Ibid.*) The statutory language is clear that the only exception to the one-year parole requirement is the court's discretion to release the defendant from the requirement. Rules of statutory construction provide that a statement of limited exceptions excludes others; thus, the judiciary has no power to add additional exceptions. (*In re James H.* (2007) 154 Cal.App.4th 1078, 1083-1084.)

The resentencing order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____


Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.